The opinion of the Court was delivered by
Johnson, J.
The Court are of opinion, that the plaintiff is entitled to a néw trial, on the third and last ground; and as the object of the motion will be attained without it, I am not authorized to express an opinion of those preceding.
It is a general rule, that a tender must be unconditional: Esp. Dig., pt. 1st, p. 300;[1] and I think I may add, that it must always be of a definite and certain character. Specie, or specific articles contracted to be delivered, come within this description, and it must invariably be for the whole amount due, to entitle the ^defendant to a verdict. The defence in this ease admits that §200 (the price of the child) was due, and that the sum tendered was only $149; but it is said that this deficiency is supplied, by the physician’s bill of $51, for expenses incurred by the defendants in attempting the cure of the woman. It is unnecessary to enter into the consideration of the question, whether, under the circumstances of this case, the defendants would be entitled to a remuneration for these expenses. It is sufficient that the tender pro tanto, was indefinite and uncertain. For although it is possible to conceive of a case, in which the defendant might have availed himself of a defence of this character, yet it does not follow that such an account would be allowed. It might be exhorbitant or unnecesary, and the jury might or might not, in their discretion, allow it. And it appears to me, that an offer or tender to set off or discount damages sustained by a trespass, might, with the same propriety, be allowed as evidence on a plea of tender, in an action brought for money.
The questions involved in the first and second grounds are well established, as general rules; but their application to particular cases, may in some cases be difficult. I am therefore induced to express my views of the subjects, rather with a view to elicit rules for their application than to give a decided opinion. It is not now tó be decided, that the selling for a price equal to the value of the thing sold, if it were sound and free from defect, raises an implied ‘warranty of soundness ; but it is insisted that this doctrine applied to sales made by sheriffs, executors, administrators, or other persons, by authority of law, would have the effect of rendering them personally responsible, without giving them any adequate'individual advantage equivalent to their responsibility. This rule is predicated on a failure or want of consideration, rather than on fraud or deceit, and I cannot see any reason why it should not as well apply to sales of this description as any other. The objection is easily obviated, by placing those persons on the same footing with a private agent.
Stark, Solicitor, for the motion. O'Neall, contra.
*If he is guilty of no fraud or deceit, and has paid the proceeds of a contract, the consideration of which has failed, over to his principal, without notice, he is clearly not personally responsible. So if a sheriff has paid over money to a plaintiff on execution ; or an executor or administrator has accounted and paid over the funds in his hands, he ought to be entitled to the same protection. It is equally clear, that if one purchase property, with a full knowledge of all its defects, that the caveat emptor will apply. And I am strongly inclined to think, that where there are strongly marked indications of disease or defects, which are pointed out or known to the purchaser, the maxim will equally apply ; although he may be mistaken in the true character and nature of the defect or disease; unless there is a suppiessio veri, or a swggestio falsi, on the part of the seller. But as to what evidence shall be sufficient to bring home to the buyer such a knowledge of the defects or disease of the thing sold, must always be left to the discretion of a jury.
Let the motion for a new trial be granted.
Grimke, Colcock, Nott and Cheves, JJ., concurred.

 Ante, 82; Post. 242.